UNITED STATES of America, Appellee,

v.

Ibrahim A. ELGABROWNY, Defendant–Appellant,

Siddig Ibrahim Siddig ALI, Clement Rodney Hampton–El, also known as Abdul Rashid Abdullah, also known as Doctor Rashid, Amir Abdelgani, also known as Abdou Zaid, Fares Khallafalla, also known as Abodou Fares, Tarig El–Hassan, Fadil Abdelgani, Mohammed Saleh, also known as Mohammed Ali, Victor Alverez, LNUI–93–CR0181–010 Earl Gant, also known as Abd Rashid, also known as Abd Jalil, Omar Ahmad Omar Ahmad Ali Abdel Rahman, also known as Omar Ahmed Ali, also known as Omar Abdel Al–Rahman, also known as Sheik Rahman, also known as The Sheik, also known as Sheik Omar, El Sayyid Nosair, also known as Abu Abdallah, also known as El Sayyid El Sayyid Abdul Azziz, also known as Victor Noel Jafry, Mohammad Abouhalima and Abdo Mohammed Haggag, also known as Abdel Al–Rahman, Defendants.

Docket No. 00–1401.

United States Court of Appeals, Second Circuit.

May 24, 2001.

* Judge of the United States District Court for the District of Connecticut, sitting by designation.

Anthony L. Ricco and Edward D. Wilford, New York, NY, for appellant.

Andrew C. McCarthy, United States Attorney's Office for the Southern District of New York, New York, NY; Mary Jo White, United States Attorney and David Raymond Lewis, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, PARKER and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Ibrahim A. Elgabrowny appeals from a sentence imposed in the United States District Court for the Southern District of New York (Mukasey, C.J.), following a limited remand by this Court in *United States v. Rahman,* 189 F.3d 88 (2d Cir.) (per curiam), *cert. denied sub nom Nosair v. United States,* 528 U.S. 982, 120 S.Ct. 439, 145 L.Ed.2d 344 (1999). Elgabrowny was one of 15 defendants charged with multiple offenses arising out of the activities of a domestically based terrorist organization that began operating in the New York area in the late 1980s, and engaged in numerous acts against the United States, including, *inter alia,* the bombing of the World Trade Center in 1993.

### I.

Elgabrowny was charged in twelve counts of the indictment; one of those counts was seditious conspiracy to wage war against the United States. After a jury trial, Elgabrowny and his co-defendants were found guilty on all of the submitted counts, except for the acquittal of Elgabrowny and one of his co-defendants on a bombing conspiracy charge.

On January 17, 1996, the district court sentenced Elgabrowny principally to 57 years in prison. On August 16, 1999, we sustained the convictions of Elgabrowny and his co-defendants. *See Rahman,* 189 F.3d 88. We also affirmed all defendants' sentences except for Elgabrowny's. With respect to his sentence, we directed the district court to consider two issues on remand. First, we identified a possible ground for a discretionary downward departure that had not been urged by Elgabrowny or previously recognized by this Circuit, and instructed the district court to consider its possible application. Second, we directed the district court to make

express findings supporting its denial to Elgabrowny of a three-level downward adjustment for uncompleted conspiracies under Sentencing Guidelines § 2X1.1(b)(2). *See id.* at 157–59.

At the re-sentencing on May 18, 2000, the district court made extensive findings in support of the denial of the three-level reduction, and then exercised its discretion to depart downward from its previous Guidelines calculation, reducing Elgabrowny's sentence of incarceration from 57 years to 33 years.

## II.

On appeal, Elgabrowny argues that the court's imposition of a 33 year sentence exceeded the 20 year statutory maximum of his seditious conspiracy conviction, and therefore violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) (holding "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). This argument is meritless.

As we held on direct appeal of Elgabrowny's first sentence, the district court properly determined that the treason guideline, U.S.S.G. § 2M1.1, provides a suitable analogy to the seditious conspiracy offense charged in count one of the indictment, and was properly applied in this case. *See Abdel Rahman,* 189 F.3d at 152 ("[W]e conclude that the use of the guideline for treason tantamount to waging war against the United States as analogous to the conduct of the defendants constituting the Count One offense was authorized by the Guidelines and did not violate any protected right of the defendants."). This analogy, which must be drawn by the district judge pursuant to U.S.S.G. 2X5.1, does not implicate *Appren-*

*di,* because *Apprendi* does not undermine the internal scheme of the Sentencing Guidelines. *See Apprendi,* 120 S.Ct. at 2366 n. 21 ("The Guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held [in previous cases]."); *United States v. White,* 240 F.3d 127, 136 (2d Cir.2001) (declining to "read *Apprendi* so broadly" as to preclude judges from making "relevant conduct" determinations based on a preponderance of the evidence standard).

Having determined that the treason guideline applied (carrying a base offense level of 43), the court properly applied U.S.S.G. § 5G1.2(d) and the grouping rules to determine that the aggregate "total punishment" for all counts resulting in conviction was life imprisonment. The jury's guilty verdicts on each of the ten separate offenses authorized the court to sentence Elgabrowny to a term of imprisonment of up to 57 years—20 years for the seditious conspiracy conviction plus 37 years for the additional offenses. Sentencing Guidelines § 5G1.2(d) *requires* the imposition of consecutive sentences up to the "total punishment" (life), but, following remand, the court chose to downwardly depart to a sentence of 33 years. Because Elgabrowny's newly imposed 33–year sentence falls well below the 57 years of statutory exposure permissible under the jury's verdict, we have no occasion to consider whether *Apprendi* would have influence if the sentence exceeded 57 years. *See United States v. Garcia,* 240 F.3d 180, 184 (2d Cir.2001) ("[A] guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury"); *United States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.2000) (even if court's fact finding at sentencing might potentially

have increased statutory exposure, no *Apprendi* violation where sentence actually imposed was less than statutory exposure).

We have considered all of Elgabrowny's other arguments, and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.